IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBISO MUNIZ,<br><br>                Petitioner,<br><br>vs.<br><br>DAVID ROCK, Superintendent, Upstate Correctional Facility,<br><br>                Respondent. | No. 9:11-cv-00547-JKS<br><br>MEMORANDUM DECISION |

       Albiso Muniz, a New York state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Muniz is currently in the custody of the New York State Department of Corrections and Community Supervision and is incarcerated at Upstate Correctional Facility. Respondent has answered, and Muniz has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

       A jury convicted Muniz of second-degree rape, petit larceny, and fourth degree criminal mischief on February 8, 2008. On April 2, 2009, Muniz was sentenced as a second felony offender to a determinate prison term of 7 years with 5 years of post-release supervision on the rape count and concurrent, definite 1-year prison terms on the petit larceny and criminal mischief counts.

       Through counsel, Muniz directly appealed his conviction, arguing that: 1) the integrity of the grand jury proceeding was impaired; 2) he was denied due process; 3) the prosecutor committed misconduct; 4) his conviction was against the weight of the evidence; 5) his trial counsel was ineffective; 6) the prosecutor committed discovery violations under New York

Criminal Procedure Law ("CPL") § 240.70; 7) the trial court improperly admitted evidence of Muniz's remote convictions; and 8) his sentence was harsh and excessive.

On August 30, 2010, Muniz filed in the Appellate Division a *pro se* motion pursuant to CPL § 460.50 asking the court to stay execution of the judgment of conviction and to release him on his own recognizance pending the outcome of his appeal. In the alternative, Muniz requested that the court set bail pending his appeal. By letter dated September 8, 2010, the Appellate Division marked the motion returnable on September 27, 2010, and informed the People that their response "should be filed and served on or before" September 24, 2010.

On September 25, 2010, Muniz filed a letter in support of his motion in which he argued that: 1) he was innocent of the crimes for which he had been convicted; 2) the crime occurred 3 years earlier and the victim had reached the age of 17 years; 3) Muniz was employed at 3 different jobs at the time he was accused of the crime; 4) he was denied a fair trial; and 5) he did not flee from the prosecution of the case.

On October 1, 2010, one week after their response was due, the People filed an affidavit in opposition to Muniz's CPL § 460.50 motion, arguing that it should be denied because: 1) Muniz's criminal history included three misdemeanor convictions and four felony convictions, including a conviction for attempted first-degree escape; 2) his parole had been revoked three times; 3) two warrants had been issued for his failure to appear in court; 4) Muniz had provided four aliases to the police; and 5) the evidence established his guilt, and the likelihood of a reversal of the second-degree rape conviction was remote. On October 5, 2010, Muniz filed a letter objecting to the People's affidavit on the ground that it was untimely.

On October 15, 2010, the Appellate Division summarily denied Muniz's CPL § 460.50 motion. The order indicated that the appellate court had "read[] and fil[ed] the papers submitted in support of the application and the papers submitted in opposition thereto."

By *pro se* papers dated October 28, 2010, Muniz filed in the Appellate Division a petition for a writ of habeas corpus pursuant to New York Civil Practice Law and Rules ("CPLR") § 7001, arguing that the Appellate Division violated his state and federal due process and equal protection rights by accepting the People's untimely affidavit in response to his CPL § 460.50 motion and by arbitrarily denying the application. The Appellate Division summarily denied the petition on January 10, 2011. Muniz then sought leave to appeal the denial of his state habeas petition to the New York Court of Appeals, raising the same claims he had raised before the Appellate Division. Muniz filed two additional letters in support of his leave application. The Court of Appeals denied Muniz's leave application without comment on April 28, 2011.

Muniz timely filed a Petition for a Writ of Habeas Corpus to this Court on May 11, 2011. Muniz subsequently filed an Amended Petition on June 1, 2011.

## II. GROUNDS RAISED

Although Muniz attempts to raise four separate claims in his *pro se* Amended Petition, Muniz's arguments boil down to a single claim challenging the Appellate Division's denial of his CPL § 460.50 as 1) arbitrary and 2) improper for considering the People's untimely affidavit.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

To the extent that the petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000). Where there is no reasoned decision of the state court addressing the ground or grounds raised on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues de novo on the record before it.

*See Dolphy v. Mantello*, 552 F.3d 236, 239-40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530-31 (2003) (applying a de novo standard to a federal claim not reached by the state court). In so doing, the Court presumes that the state court decided the claim on the merits and the decision rested on federal grounds. *See Harris v. Reed*, 489 U.S. 255, 263 (1989); *Coleman v. Thompson*, 501 U.S. 722, 740 (1991); *see also Jimenez v. Walker*, 458 F.3d 130, 140 (2d Cir. 2006) (explaining the *Harris-Coleman* interplay); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 810-11 (2d Cir. 2000) (same). This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference); *Jimenez*, 458 F.3d at 145-46.

## IV. DISCUSSION

A.  Mootness

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.") (citation omitted). Thus, a case is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal quotation marks and

citations omitted); *Lavin v. United States*, 299 F.3d 123, 128 (2d Cir.2002). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff,* 702 F.2d 380, 386 (2d Cir. 1983).

Muniz challenges the Appellate Division's denial of his motion requesting a stay of the execution of the judgment pending the determination of his appeal either by releasing him on his own recognizance or by fixing bail. N.Y. CRIM. PROC. LAW § 460.50(1). However, it appears that Muniz's appeal is no longer pending because the Appellate Division has issued an opinion affirming his conviction in its entirety. *See People v. Muniz*, 939 N.Y.S.2d 181 (N.Y. App. Div. 2012). Consequently, this Court can no longer grant Muniz relief on any claim asserted in his Petition. *See Martin-Trigona*, 702 F.2d at 386; *see also Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973) (stating that damages are not available in a habeas corpus petition). As a result, the present case has been rendered moot and must be dismissed.

B. Merits

Even assuming that Muniz's claim has not been mooted, Muniz still could not prevail on the merits of his claim that the Appellate Division arbitrarily denied his CPL § 460.50 motion and improperly considered the People's untimely affidavit in its denial.

A prisoner has no federal constitutional right to be released on bail pending appeal of his conviction. *Brown v. Wilmot*, 572 F.2d 404, 405 (2d Cir. 1978). However, once a state makes provisions for such bail, the Eighth and Fourteenth Amendments require that the state not deny bail arbitrarily. *Finetti v. Harris*, 609 F.2d 594, 599 (2d Cir. 1979). The Second Circuit has held that the "mere failure of the state court to articulate reasons for its denial of bail pending appeal does not create a 'presumption of arbitrariness.'" *Id.* at 601 (citation omitted). Rather, on

federal habeas review, a state court's judgment carries a "presumption of regularity" which the defendant bears the burden of overcoming by demonstrating that there is no rational basis in the record for the denial of bail. *Id.* (citation omitted); *accord Danylocke v. Dalsheim*, 662 F.Supp. 961, 963 (S.D.N.Y. 1987). Although the Second Circuit has not articulated what constitutes a sufficient showing by a petitioner to initially rebut and ultimately sustain this burden, *Danylocke*, 662 F.Supp. at 964, it is clear that the petitioner bears the burden of showing that there was no rational basis in the record for the decision, *id.*; *accord Jones v. O'Keefe*, No. 99 Civ. 12279, 2000 WL 1290595 (S.D.N.Y. Sept. 12, 2000). Therefore, the Court need only be able to discern on the record before it a rational reason for the state court to have denied Muniz a stay of execution of his judgment. *See Finetti*, 609 F.2d at 601-02; *accord Jones*, 2000 WL 1290595, at *4; *Osinoiki v. Riley*, No. CV 90-2097, 1990 WL 152540, at *3 (E.D.N.Y. Sept. 28, 1990).

Under CPL § 510.30, which governs applications for recognizance or bail, the reviewing court was required to evaluate Muniz as a possible flight risk and the likelihood that his conviction ultimately would be reversed on appeal. N.Y. CRIM. PROC. LAW § 510.30(2)(a), (b).

A determination that a defendant's appeal is "palpably without merit alone justifies, but does not require, a denial of the application, regardless of any determination made with respect to" other factors specified in the statute, such as the criminal defendant's character and mental condition, family ties, criminal record. N.Y. CRIM. PROC. LAW § 510.30(2)(b). In his Petition, Muniz merely lists without further argument or support the grounds on which he appealed. Such cursory statement is insufficient to lead this Court to conclude that the Appellate Division should have determined that Muniz's conviction was likely to be overturned on appeal. Indeed, as discussed *supra*, Muniz's conviction was affirmed in its entirety.

7

In assessing Muniz's flight risk, the Appellate Division was required to consider Muniz's previous criminal record as well as his previous record "in responding to court appearances when required or with respect to flight to avoid criminal prosecution." N.Y. CRIM. PROC. LAW § 510.30(2)(a)(iv),(vi). The record before this Court indicates that Muniz had used four aliases and had been convicted of four felonies prior to the instant offense. Two of Muniz's convictions were of a violent nature, and one of his felony convictions was for an escape charge. The record also reflects that Muniz has had his parole revoked on three occasions. In addition, two bench warrants had been issued for his failure to appear in court as required. Given the gravity of the offenses in his criminal record and that they indicate a potential flight risk, this Court concludes that a rational basis exists for the Appellate Division's denial of Muniz's CPL § 460.50 motion.

Moreover, Muniz's argument that the Appellate Division erred in considering the People's untimely affidavit is also without merit. Courts generally have wide discretion to consider untimely submissions. *Cf. United States v. Kirsteins*, No. 87-CV-964, 1990 WL 208722, at *2 (Dec. 3, 1990) (using its discretion to consider defendant's untimely affidavit in opposition to a motion for summary judgment). Furthermore, the consideration of the state's untimely affidavit does not change the standard applicable to Muniz's motion. Even without considering the state's submission, the record itself provides adequate support for the denial of Muniz's motion. Accordingly, Muniz cannot prevail on his claim in any event.

## V. CONCLUSION

Muniz is not entitled to relief on any ground raised in his Amended Petition.

**IT IS THEREFORE ORDERED THAT** the Amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.1.

The Clerk of the Court is to enter judgment accordingly.

Dated: March 24, 2014.

            /s/ James K. Singleton, Jr.
            JAMES K. SINGLETON, JR.
            Senior United States District Judge